| | FOR COURT USE ONLY |
|---|---|
| RON BENDER (SBN 143364)<br>JULIET Y. OH (SBN 211414)<br>LINDSEY L. SMITH (SBN 265401)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234; Facsimile: (310) 229-1244<br>Email: RB@LNBYB.com, JYO@LNBYB.com, LLS@LNBYB.com<br><br>Proposed Counsel for Chapter 11 Debtor and Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| In re:<br><br>TATUNG COMPANY OF AMERICA, INC.,<br><br>                    Debtor. | Lead Case No.: 2:19-bk-21521-NB<br><br>Chapter 11 |
|---|---|
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**<br><br>**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER, PENDING A FINAL HEARING, AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL** |

     PLEASE TAKE NOTE that the order titled **THIRD INTERIM ORDER, PENDING A FINAL HEARING, AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL** was lodged on October 30, 2019 and is attached.  This order relates to the motion which is docket number 5.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                              Page 1                              F 9021-1.2.BK.NOTICE.LODGMENT

# EXHIBIT "A"

RON BENDER (SBN 143364)
JULIET Y. OH (SBN 211414)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: RB@LNBYB.com, JYO@LNBYB.com, LLS@LNBYB.com

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-21521-NB |
| TATUNG COMPANY OF AMERICA, INC., | Chapter 11 |
| Debtor and Debtor in Possession. | **THIRD INTERIM ORDER, PENDING A FINAL HEARING, AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL** |
| | Hearing:<br>Date: October 29, 2019<br>Time: 1:00 p.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, California 90012 |
| | Continued Hearing:<br>Date: December 10, 2019<br>Time: 1:00 p.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, California 90012 |

1

1    A continued interim hearing was held on October 29, 2019, at 1:00 p.m. (the "<u>Hearing</u>"),
2  before the Honorable Neil W. Bason, United States Bankruptcy Judge for the Central District of
3  California, Los Angeles Division, in Courtroom "1545" located at 255 E. Temple Street, Los
4  Angeles, California 90012, for the Court to consider further interim approval of the motion [Doc.
5  No. 5] (the "<u>Motion</u>") filed by Tatung Company of America, Inc., a California corporation and
6  the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the
7  "<u>Debtor</u>"), for the entry of an order authorizing the Debtor to use cash collateral in accordance
8  with the Debtor's operating budget for the period through and including December 28, 2019, a
9  copy of which is attached as <u>Exhibit "1"</u> to the Omnibus Declaration of Jason Chen [Doc. No. 8]
10 filed concurrently with the Motion.  Appearances at the Hearing were made as noted on the
11 record of the Court.

12   The Court previously entered two orders on October 3, 2019 [Doc. No. 37] and on
13 October 21, 2019 [Doc. No. 76] granting the relief requested in the Motion on an interim basis,
14 pursuant to the terms and conditions set forth in the Court's tentative decision on the Motion
15 issued prior to the initial hearing on the Motion held on October 2, 2019, a copy of which
16 tentative decision is attached hereto as **<u>Exhibit "A"</u>** (the "<u>Tentative Decision</u>").

17   The Court, having read and considered the Motion and all papers filed by the Debtor in
18 support of the Motion, including the Notice Of Submission Of Revised Operating Budget filed in
19 support of the Motion by the Debtor on October 22, 2019 [Doc. No. 80] and the Supplement to
20 the Motion filed by the Debtor on October 25, 2019 [Doc. No. 92]; the Court having heard and
21 considered the oral arguments, statements and representations of counsel made at the Hearing;
22 the Court finding that sufficient notice of the Motion and the Hearing on the Motion was
23 provided; finding that the granting of the Motion pursuant to the terms and conditions of the
24 Tentative Decision on a further interim basis is warranted; and other good cause appearing
25 therefor,

26
27
28

IT IS HEREBY ORDERED AS FOLLOWS:

A. The Motion is, pursuant to the terms and conditions of the Tentative Decision and this Order, granted on a further interim basis to and through the conclusion of that November __, 2019 continued interim hearing on the Motion set pursuant to this Order.

B. A continued interim hearing on the Motion shall be held on December 10, 2019, at 1:00 p.m., in Courtroom 1545 of the above entitled Court.

C. Counsel for the Debtor shall provide notice of the continued interim hearing to all creditors by first-class mail by October 31, 2019.

D. Any proposed revised form of budget by the Debtor must be filed with the Court and served on the United States Trustee ("UST"), East West Bank ("EWB"), the Official Committee of Unsecured Creditors (the "Committee"), and parties requesting special notice on or before November 19, 2019.

E. Any opposition to the entry of a further interim order granting the relief requested in the Motion must be filed with the Court and served on the Debtor, EWB, the Committee, and parties requesting special notice on or before November 26, 2019.

F. Any reply to any opposition to the entry of a further order granting the relief requested in the Motion must be filed with the Court and served on the UST, EWB, the Committee and parties requesting special notice on or before December 3, 2019.

G. As adequate protection to EWB, on account of the Debtor's use of cash collateral, EWB is granted a replacement lien on certain of the Debtor's post-petition assets as provided for in the Motion and as modified by the Tentative Ruling.

///
///
///
///
///
///

3

    H.    As set forth on the record of the Court at the Hearing, pursuant to an agreement reached by the Debtor and EWB, the maturity date for the Debtor's Irrevocable Stand-By Letter of Credit No. 180SL0425 with EWB, is extended for a period of one year to and including November 1, 2020.

<u>IT IS SO ORDERED.</u>

###

# EXHIBIT "A"

# [Tentative Decision]

5

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Wednesday, October 2, 2019**                                                                 **Hearing Room   1545**

<u>2:00 PM</u>
**2:19-21521**     Tatung Company of America, Inc.                                             Chapter 11

    **#3.00**     Hrg re: Debtor's emergency motion for Entry Of An
Interim Order, Pending A Final Hearing, Authorizing
The Debtor To Use Cash Collateral

                  Docket      5

**Tentative Ruling:**

    Grant the motion (docket no. 5) on an interim basis, subject to any opposition at the hearing, the conditions set forth below, and the issues raised in the tentative rulings for the Status Conference (calendar no.4, 10/2/19 at 2:00 p.m.).  <u>Appearances required.</u>

    <u>Judge Bason's standard conditions for use of cash collateral and/or postpetition financing (by creditors holding prepetition claims)</u>
        (1) <u>Written order</u>
            (a) <u>Form</u>. Use local form F2081-1.1.ORDER.CASH.COLLATERAL or the equivalent.  Attach a copy of this tentative ruling as an exhibit, thereby adopting it as the written ruling of this Court, subject to any changes ordered at the hearing.  Do not repeat the terms set forth in the motion or any stipulation.  Incorporate those terms by reference (including the docket number of the document), subject to any modification by this Court.
            (b) <u>Timing</u>.  Lodge the proposed order within 7 days after the hearing.  *See* LBR 9021-1(b)(1)(B).

        (2) <u>Minimum adequate protection</u>
    In addition to the postpetition security interests that are automatically provided pursuant to 11 U.S.C. 552 (*e.g.,* in traceable proceeds and profits), and subject to any more comprehensive protection that may be included in the motion or related papers, Debtor shall provide at least the following protection to any creditor with a security interest in the subject property (pursuant to 11 U.S.C. 361-364, as applicable):
           (a) <u>Insurance</u>. For all collateral of a type that typically is insured (*e.g.,* real property and improvements), Debtor is directed to maintain insurance in a dollar amount at least equal to Debtor's good faith estimate of

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Wednesday, October 2, 2019**                         **Hearing Room**    **1545**

<u>2:00 PM</u>
**CONT...**      **Tatung Company of America, Inc.**                                     **Chapter 11**

the value of such creditor's interest in the collateral, and such insurance shall name such creditor as an additional insured.  Debtor is directed to remain current on payments for such insurance.

         (b) <u>Taxes</u>.  Debtor is directed to remain current on payments on account of postpetition real estate taxes (to the extent that real estate is part of the collateral).

         (c) <u>Disclosures/access</u>.  Debtor is directed to provide, upon such creditor's reasonable request, periodic accountings of the foregoing insurance and tax obligations and payments, as well as postpetition proceeds, products, offspring, or profits from the collateral, including gross revenues and expenses and a calculation of net revenues, including any rents and any fees, charges, accounts, or other payments for the use or occupancy of rooms and other public facilities in lodging properties (as all of the foregoing terms are used in 11 U.S.C. 552).  Debtor is directed to provide appropriate documentation of those accountings, and access for purposes of inspection or appraisal.

         (3) <u>Limitation on postpetition liens</u>
In the event that the motion or related papers seek authority to grant postpetition liens to the creditor(s) *with respect to prepetition debts* any such liens shall be limited to the same validity, priority, and amount as prepetition liens.  As used herein, the "validity, priority, and amount" or any similar phrase that may be used by the parties or this Court is deemed to include the following:

         (a) <u>Extent</u>. Such liens shall be limited to the *type* of collateral in which the creditor held a security interest as of the petition date, unless this order expressly states that the liens granted by this order are intended to attach to different types of collateral from the prepetition collateral. For example, if prepetition liens extended to inventory and accounts receivable but not equipment then postpetition liens are likewise limited (unless otherwise expressly provided by order of this Court).  In addition, postpetition liens shall not extend to the proceeds of any avoidance actions, any recoveries under 11 U.S.C. 506(c), or any "carveout" under 11 U.S.C. 552.

         (b) <u>Priority</u>. Such liens shall be limited to the same *priority* as the security interest held by the creditor as of the petition date.

         (c) <u>Dollar amount</u>. Such liens shall be limited to the dollar amount needed to protect the creditor against diminution in the *value* of the

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Wednesday, October 2, 2019**                                                     **Hearing Room**    **1545**

<u>2:00 PM</u>
**CONT...**        **Tatung Company of America, Inc.**                                              **Chapter 11**

secured claims as of the petition date.

(d) <u>Enforceability</u>. Such liens shall be limited to the extent that the creditor's security interests were duly *perfected* and *valid* as of the petition date, and to the extent that they are *unavoidable.*

(e) <u>Automatic postpetition perfection</u>. Any *automatic* perfection of such liens shall be subject to any applicable limitations regarding the Court's authority, jurisdiction, or due process.

(4) <u>Automatic disapproval of insufficiently disclosed provisions</u>
Any provision of the type listed in FRBP 4001(c)(1)(B) or in local form F4001-2 (*e.g.,* cross-collateralization) or any waiver of the "equities of the case" exception in 11 U.S.C. 552(b)(2) shall be deemed automatically disapproved and excepted from any order granting the motion, notwithstanding any other provision of such order, unless either: (a) such provision is specifically and prominently disclosed in the motion papers in a checklist (such as local form F4001-2), or alternatively (b) such provision is specifically identified in any proposed order granting the motion, using terminology of the type used in FRBP 4001(c)(1)(B) or local form F4001-2 (*e.g.,* any "cross-collateralization" that is not specifically identified as such is deemed to be disapproved).

(5) <u>Disputes</u>
In the event of any disputes regarding the rulings in this order, the parties are directed to meet and confer and, if they cannot resolve their disputes consensually, contact Judge Bason's chambers to arrange a mutually convenient time for either a telephonic or in-person hearing to address such disputes.

If appearances are <u>not</u> required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings." If appearances <u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing

**Party Information**

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Wednesday, October 2, 2019**  Hearing Room  1545

2:00 PM
**CONT...**    Tatung Company of America, Inc.    Chapter 11

**Debtor(s):**

Tatung Company of America, Inc.    Represented By
　　Ron Bender
　　Lindsey L Smith
　　Juliet Y Oh

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1568 Calendar

**Wednesday, October 2, 2019**         Hearing Room    1568

<u>2:00 PM</u>
**2:19-21521**     **Tatung Company of America, Inc.**      Chapter 11

   **#4.00**    Status conference re: Chapter 11 case

                 Docket     1

**Tentative Ruling:**

<u>Appearances required</u>. The parties are directed to address whether there was adequate notice of this hearing, and the merits of each motion, as set forth below.

(1) <u>Notice of this hearing</u>
      Debtor must address whether the proof of service of the motion papers (the "POS," dkt.21) complies with this Court's order shortening time ("OST," dkt.10), or due process. The OST provides that the deadline for "**RECEIPT**" of written notice of this hearing/a copy of the OST is **10/1/19 at noon**. *Id.* (emphasis in original). In two ways, this Court questions whether the POS complies with this direction.
           First, the POS only appears to assert that envelopes were dropped off with an (unspecified) "Overnight Mail" carrier on 10/1/19, which would mean that those envelopes would not be received until **10/2/19** at the earliest, possibly just shortly before the hearing or even after the hearing.
           Second, this Court questions whether delivery really was "overnight" to Taiwan, South Korea, China, and other overseas destinations.

(2) <u>Merits of each motion</u>
      If the foregoing notice issue is adequately addressed, the tentative rulings are as follows.
         (a) <u>Payroll motion (dkt. 2)</u>
      Grant on a final basis, subject to any opposition at the hearing, and subject to authorization to use cash collateral to make payroll (see below).
         (b) <u>Cash management motion (dkt.4)</u>
      Grant on an interim basis, subject to any opposition at the hearing, with a final hearing at the same time as the continued status conference (see below).

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1568 Calendar

**Wednesday, October 2, 2019**　　　　　　　　　　　　　　　　　　　　　Hearing Room　　1568

2:00 PM
CONT...　　　　Tatung Company of America, Inc.　　　　　　　　　　　　　　　　Chapter 11
　　　　　(c) Cash collateral motion (dkt.5)
　　　　　Debtor's budget (dkt.8, Ex.1) lacks historical context.  Are the proposed expenditures and projected receipts in line with historical experience?  Is it typical for Debtor's cash position to fluctuate so substantially from week to week?  Are the goods that Debtor anticipates selling in keeping with Debtor's historical lines of business, and with existing customers, or is Debtor projecting the replacement of some past lines of business with new lines?
　　　　　Subject to (i) adequate resolution of the foregoing, (ii) any opposition at the hearing, and (iii) the conditions set forth in calendar no. 3 (on 10/2/19 at 2:00 p.m.), the tentative ruling is to grant this motion on an interim basis, with a further interim hearing at the same time as the continued status conference (see below).
　　　　　(d) Notice of continued hearings
　　　　　The tentative ruling is to set a deadline of 10/3/19 for Debtor to file and serve via U.S. mail a notice of the continued hearings.
　　　　　(e) Proposed orders
　　　　　This Court anticipates filing a "Memorialization of Tentative Rulings." Debtor is directed to lodge proposed orders that reference that document and incorporate the tentative rulings as final rulings, except as they may be modified at the hearing.  See LBR 9021-1(b)(1)(B).

　　(3) Deadlines/dates.  This case was filed on 9/30/19.
　　　　(a) Bar date:  TBD
　　　　(b) Plan/Disclosure Statement*: TBD (Debtor must use the forms
　　　　　　　required by Judge Bason, absent an order excusing the use of
　　　　　　　such forms) (DO NOT SERVE yet, except on the U.S. Trustee -
　　　　　　　this Court will set a deadline and procedures at a later time).
　　　　(c) Continued status conference:  10/15/19 at 2:00 p.m.  No written
　　　　　　　status report is required.
　　　　*Warning: special procedures apply (see order setting initial status
　　　　　　conference).

If appearances are not required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings."  If appearances

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1568 Calendar

**Wednesday, October 2, 2019**                                                                                                          **Hearing Room    1568**

<u>2:00 PM</u>
**CONT...        Tatung Company of America, Inc.**                                                                                       **Chapter 11**

<u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

| Party Information |
|---|

**Debtor(s):**

    Tatung Company of America, Inc.            Represented By
                                                        Ron  Bender
                                                        Lindsey L Smith
                                                        Juliet Y Oh

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document **NOTICE OF LODGMENT OF THIRD INTERIM ORDER, PENDING A FINAL HEARING, AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 30, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender**   rb@lnbyb.com
- **Jeffery D Hermann**   jhermann@orrick.com
- **Joon M Khang**   joon@khanglaw.com
- **Ian Landsberg**   ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com
- **Dare Law**   dare.law@usdoj.gov, ron.maroko@usdoj.gov,kenneth.g.lau@usdoj.gov
- **Leib M Lerner**   leib.lerner@alston.com, autodockettest-lax@alston.com
- **Juliet Y Oh**   jyo@lnbrb.com, jyo@lnbrb.com
- **Lindsey L Smith**   lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**: On **October 30, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 30, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 30, 2019 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |